UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

US SMOKELESS TOBACCO MANUFACTURING
COMPANY LLC, and U.S. SMOKELESS TOBACCO
BRANDS INC.,

**ANSWER**

09 CV 10511
(CMcM)

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------- x

Defendant, the CITY OF NEW YORK, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint dated December 28, 2009 ("Complaint"), respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant; except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint as to Plaintiffs' states of mind and intent.

2. Denies the allegations set forth in paragraph "2" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant; except denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of the Complaint as to Plaintiffs' states of mind and intent, and the relief sought by Plaintiffs.

3.  Denies that the allegations set forth in paragraph "3" of the Complaint accurately and completely describe the Family Smoking Prevention and Tobacco Control Act ("FSPTCA"), Pub. L. No. 111-31, 123 Stat. 1776 (June 22, 2009), and respectfully refers the Court to the law for the full text and true meaning thereof; and denies the allegations contained in the last sentence in paragraph "3" of the Complaint.

4.  Denies that the allegations set forth in paragraph "4" of the Complaint accurately and completely describe New York City Administrative Code ("Administrative Code") §§ 17-701 et seq. a/k/a Local Law 69 of 2009 ("Local Law 69"), and respectfully refers the Court to the law for the full text and true meaning thereof.

5.  Denies that the allegations set forth in paragraph "5" of the Complaint accurately and completely describe the provisions of Administrative Code § 17-713(b) and respectfully refers the Court to the law for the full text and true meaning thereof.

6.  Denies that the allegations set forth in paragraph "6" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof; except admits that Local Law 69 is scheduled to take effect on February 25, 2010.

7.  Denies the allegations set forth in paragraph "7" of the Complaint.

8.  Denies that the allegations set forth in paragraph "8" of the Complaint accurately and completely describe the Commerce Clause of the United State Constitution, and respectfully refers the Court to the law for the full text and true meaning thereof; and denies the allegations set forth in the second and third sentences in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint accurately and completely describe Local Law 69 or any of the three reports of the Council's Committee on Health regarding Local Law 69, and respectfully refers the Court to the law and reports for the full texts and true meanings thereof.

10. Denies the allegations set forth in paragraph "10" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant; except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint as to Plaintiffs' states of mind and intent, or the relief sought by Plaintiffs.

11. Denies the allegations set forth in paragraph "11" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant, and further denies that this court has jurisdiction over all claims plead therein.

12. Denies the allegations set forth in paragraph "12" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant, except admit that Venue for this action lies in this Court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Admits the allegations contained in paragraph "15" of the Complaint.

16. The allegations set forth in paragraph "16" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "16" insofar as they allege or purport to allege that they fully or

accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

17. The allegations set forth in paragraph "17" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "17" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

18. The allegations set forth in paragraph "18" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "18" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

19. The allegations set forth in paragraph "19" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "19" insofar as they allege or purport to allege that they fully or accurately describe the legislative history of the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

20. The allegations set forth in paragraph "20" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "20" insofar as they allege or purport to allege that they fully or accurately describe the legislative history of the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

17. The allegations set forth in paragraph "17" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "17" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

18. The allegations set forth in paragraph "18" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "18" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

19. The allegations set forth in paragraph "19" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "19" insofar as they allege or purport to allege that they fully or accurately describe the legislative history of the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

20. The allegations set forth in paragraph "20" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "20" insofar as they allege or purport to allege that they fully or accurately describe the legislative history of the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

21. The allegations set forth in paragraph "21" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "21" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. The allegations set forth in paragraph "23" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "23" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

24. The allegations set forth in paragraph "24" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "24" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

25. The allegations set forth in paragraph "25" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "25" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

26. The allegations set forth in paragraph "26" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "26" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

27. The allegations set forth in paragraph "27" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "27" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

28. Denies that the allegations set forth in paragraph "28" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof; except admits that Local Law 69 was approved by the Mayor on October 28, 2009.

29. Denies that the allegations set forth in paragraph "29" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof.

30. Denies that the allegations set forth in paragraph "30" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof.

31. Denies that the allegations set forth in paragraph "31" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof.

32. Denies that the allegations set forth in paragraph "32" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint; except admits the allegations contained in paragraph "33" to the extent that they allege or purport to allege that Local Law 69 prohibits the sale of certain flavored tobacco products in the City of New York except in a tobacco bar as defined in the ordinance.

34. The allegations set forth in paragraph "34" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "34" insofar as they allege or purport to allege that they fully or accurately describe the Report referenced therein, Local Law 69 and Administrative Code §17-713(e), and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

35. Denies that the allegations set forth in paragraph "35" of the Complaint accurately and completely describe Local Law 69, and respectfully refers the Court to the law for the full text and true meaning thereof.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, Defendant repeats and realleges the responses set forth in each and every paragraph of its answer, as if fully set forth herein.

39. The allegations set forth in paragraph "39" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "39" insofar as they allege or purport to allege that they fully or accurately describe the Supremecy Clause of the United States Constitution, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

40. The allegations set forth in paragraph "40" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "40" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

41. Defendant denies the allegations contained in paragraph "41" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

42. Denies that the allegations set forth in paragraph "42" of the Complaint accurately and completely describe Local Law 69, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant; and denies the second and third sentences of paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint, insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant; except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint as to Plaintiffs' states of mind and intent.

44. The allegations set forth in paragraph "44" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "44" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

45. In response to the allegations set forth in paragraph "45" of the Complaint, Defendant repeats and realleges the responses set forth in each and every paragraph of its answer, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. The allegations set forth in paragraph "47" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "47" insofar as they allege or purport to allege that they fully or accurately describe the Commerce Clause of the United States Constitution, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

48. The allegations set forth in paragraph "48" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "48" insofar as they allege or purport to allege that they fully or accurately describe the Commerce Clause, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

49. Denies allegations set forth in paragraph "49" of the Complaint.

50. The allegations set forth in paragraph "50" of the Complaint are conclusory and consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "50" insofar as they allege or purport to

allege that they fully or accurately describe the Commerce Clause, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

51. The allegations set forth in paragraph "51" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "51" insofar as they allege or purport to allege that they fully or accurately describe the FSPTCA, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendant repeats and realleges the responses set forth in each and every paragraph of its answer, as if fully set forth herein.

56. The allegations set forth in paragraph "56" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "56" insofar as they allege or purport to allege that they fully or accurately describe the Fourteenth Amendment to the United States Constitution, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

57. The allegations set forth in paragraph "57" of the Complaint consist of legal argument for which no response is warranted, however the Defendant denies the allegations contained in paragraph "57" insofar as they allege or purport to allege that they fully or accurately describe the Fourteenth Amendment to the United States Constitution, and insofar as they allege or purport to allege that Plaintiffs have a valid claim or claims against Defendant.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

### FOR A FIRST DEFENSE:

60. The Complaint should be dismissed as it fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

61. At all times relevant to the case, Defendant acted in a lawful and reasonable manner and in accordance with the laws and the Constitution of the United States.

### FOR A THIRD DEFENSE:

62. Defendant's actions and the ordinance in question are in all respects legal, proper and reasonable and in conformity with all applicable laws and regulations.

### FOR A FOURTH DEFENSE:

63. Plaintiffs lack standing to assert some or all of the claims set forth in the Complaint.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            January 19, 2010

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for City Defendant
                                100 Church Street, Room 5-167
                                New York, New York 10007
                                (212) 788-0821

                                */s/ Sherrill Kurland*
                                _____
                                SHERRILL KURLAND
                                Assistant Corporation Counsel

To:    David Boies
        William Ohlemeyer
        Edward Normand
        **BOIES SCHILLER & FLEXNER LLP**
        Attorneys for Plaintiffs
        333 Main Street
        Armonk, New York 10504
        Phone: (212) 749-8200

Index No. 09 CV 10511 (CMcM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

US SMOKELESS TOBACCO MANUFACTURING COMPANY LLC, and U.S. SMOKELESS TOBACCO BRANDS INC.,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendant*
*100 Church Street, Room 5-167*
*New York, N.Y. 10007*
*Of Counsel: SHERRILL KURLAND*
*Tel: (212) 788-0821*
*LM No. 2009 049179*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200 .......*

*................................................................................ Esq.*

*Attorney for ................................................................*